IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| HARVEY HOOD | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:06cv374 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Harvey Hood, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hood was convicted on May 20, 2005, on his plea of guilty, of the offense of aggravated assault. He did not take a direct appeal, but filed a state habeas corpus petition on May 2, 2006. This petition was denied without written order by the Texas Court of Criminal Appeals on June 14, 2006. Hood signed his federal petition on August 18, 2006.

The Magistrate Judge ordered the Respondent to answer the petition. The Respondent filed a motion to dismiss the petition, arguing that the statute of limitations had expired. Hood filed a response to the motion to dismiss on February 9, 2007.

After review of the pleadings, the Magistrate Judge issued a Report on February 26, 2007, recommending that the motion to dismiss be granted and that the petition be dismissed. The Magistrate Judge traced the time line of the case as follows: Hood's conviction became final upon

the expiration of his time to file a direct appeal, on June 20, 2005.[1] He filed a state habeas corpus petition on May 2, 2006, after 315 days of his limitations period had run. This petition was denied on June 14, 2006, leaving Hood with 50 days left in which to seek federal habeas corpus relief, which time period would expire on August 4, 2006. Hood signed his federal petition on August 18, 2006, making it two weeks late.

The Magistrate Judge then properly considered whether Hood could be entitled to equitable tolling. In his response to the motion to dismiss, Hood argues that his lack of legal training and "legal illiteracy" should toll the limitations period, but the Magistrate Judge noted that the Fifth Circuit has rejected that very claim. Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000). The Magistrate Judge also concluded that Hood's claim that he had been moved several times after May 2, 2006, did not show that he should be entitled to equitable tolling; instead, the Magistrate Judge stated that Hood had waited 315 days after his conviction became final in which to assert his *first* challenge to his conviction through the state habeas corpus process. The Magistrate Judge therefore concluded that Hood had "slept on his rights" and so his petition was barred by the statute of limitations.

Hood filed objections to the Magistrate Judge's Report on March 22, 2007. In his objections, Hood says that his trial counsel told him that he could not appeal, and that counsel failed to advise him that he could file a state writ of habeas corpus, or that there was a one-year statute of limitations in which to seek federal habeas corpus relief. He says that this means that he was preventing from exercising his rights because of his attorney's errors, which Hood argues is an exception to the statute of limitations. Once he learned of the limitations period, he says, he exercised due diligence in presenting his claims. Hood also complains that the Texas prison system does not allow law library supervisors to assist inmates in the filing of litigation.

---

[1] As the Magistrate Judge observes, the Respondent argues that Hood waived his appeal and so his conviction became final on May 20. The Magistrate Judge did not consider the merits of this contention but assumed *arguendo* that the limitations period would not begin to run until the expiration of the statutory appeal time.

The Respondent states that Hood waived his right to appeal, a fact which is confirmed by the on-line records of the 7th Judicial District Court. *See* http://judicial.smith-county.com/Scripts/Uvlink.isa/smith_2/WEBSERV/CriminalSearch?action%253Dview%26track%253D117528. Hood has failed to show that his attorney's advising him that he could not appeal was incorrect, given the fact that he had waived his appeal.

The Fifth Circuit has held that where a direct appeal is taken, the obligation of appellate counsel ends when the decision by the appellate court is entered. Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002) (no ineffective assistance when appellate counsel failed to inform his client of the outcome of his appeal). In this case, Hood waived his direct appeal, and did not have a constitutional right to assistance of counsel in any post-conviction collateral proceeding, such as state or federal habeas corpus. Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002). As a general rule, attorney error does not set out a valid basis for equitable tolling. Cousin, 310 F.3d at 848. Hood's contention that his attorney erred in failing to advise him of the availability of state post-collateral proceedings, and of the statute of limitations for federal habeas proceedings, does not show that he is entitled to equitable tolling.

Neither do Hood's assertions that he was ignorant of the law show that the limitations period should be equitably tolled. As the Magistrate Judge correctly observed, this contention has been rejected by the Fifth Circuit. Felder, 204 F.3d at 173 (proceeding *pro se*, illiteracy, deafness, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to toll the statute of limitations). The Magistrate Judge also properly rejected Hood's claim that the fact that he has been moved several times provides a basis for equitable tolling.

Finally, Hood complains that TDCJ-CID law library supervisors are not allowed to assist inmates with their court filings. This does not provide a basis for equitable tolling of the statute of limitations; Hood fails to show that the law library supervisors are in fact attorneys and thus qualified to provide legal advice. Nor does the fact that the law library supervisors do not assist inmates in filing pleadings amount to a "rare and exceptional circumstance" such as is necessary to

invoke the doctrine of equitable tolling.  See Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998).  Hood's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Respondent's motion to dismiss (docket no. 15) is GRANTED and that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 26th day of March, 2007.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE